## Case No. 15,041a.

UNITED STATES v. ELIZABETH.

[9 Reporter, 232;[1] 3 N. J. Law J. 49.]

Circuit Court, D. New Jersey. 1880.

MUNICIPAL CORPORATIONS — DEBT — TAXATION — MANDAMUS—DEMAND—REFUSAL—LEVY —AUTHORIZED TAX.

1. The authority in a municipal corporation to incur an obligation carries with it, by necessary implication, the duty of providing by taxation for its payment.

2. Where a judgment has been obtained against a municipal corporation for overdue interest on its bonds, it is not necessary to prove an express demand for payment, and an express refusal thereof, as a condition precedent to the issuance of a writ of mandamus to compel payment.

3. This court cannot, by mandamus or otherwise, direct a municipal corporation to levy a tax larger than is authorized by law.

---

[2] The amount stated in the declaration was reduced to the amount stated in the transcript of the treasury department.

[1] [Reprinted from 9 Reporter, 232, by permission.]

The relators, who are the legal representatives of Peter and Robert Goelet, recovered in September, 1879, a judgment in this court against the city of Elizabeth for overdue interest on its municipal bonds, and execution thereon was returned nulla bona. [Case unreported.] A rule then issued from this court to defendant to show cause why writs of mandamus should not be granted, one directed to the city council, commanding a tax to be levied and collected for the amount due on the judgment, and the other to the board of assessment of taxes, commanding the assessment and collection of a tax for the same purpose. On the return of the rule.

E. T. Gerry and B. C. Chetwood, for relators.

B. Williamson, for respondent.

NIXON, District Judge, in delivering the opinion of the court, said:

There is a class of cases in which it has been held that courts have power to grant the writ, without absolute proof of a demand and express refusal. In other words, the refusal may be inferred from the acts or omissions of the parties. Thus, in Maddox v. Graham, 2 Metc. (Ky.) 56, it was adjudged that, where a city council is required by law to collect a tax sufficient in amount, annually, to pay the interest upon bonds issued by the city in payment of the subscription of stock to a railroad company, and there is no specific legal remedy provided for nonperformance, mandamus may be obtained to compel them to discharge that duty at the instance of the holders of the bonds; and where it appeared that the proper authorities of the city did not intend to do the act required, a refusal in terms was not necessary to put them in fault. Tapp. Mand. 285, in discussing the right to issue a mandamus under such circumstances, says: "The refusal may not be express, but there should be enough, from the whole facts, to show to the court that, for some proper reason, compliance is withheld." The parties are estopped by the existence of the judgment from denying that the bonds were legally issued (Mayor, etc., v. Lord, 9 Wall. [76 U. S.] 409), and the doctrine is now well established that the authority in a municipal corporation to incur an obligation carries with it, by necessary implication, the duty of providing by taxation for its payment. Ex parte Parsons [Case No. 10,774]; U. S. v. New Orleans, [98 U. S.] 381; Citizens' Savings & Loan Ass'n v. Topeka, 20 Wall. [87 U. S.] 655. Every one who purchases a municipal bond is supposed to be familiar with the legislation existing in regard to the mode of its payment. He cannot complain if the authority to tax is confined to a rate per cent. which, on a fair valuation of the taxable property, will not realize a sufficient sum to meet the maturing obligations of the city, because he is chargeable with notice of the limitation when he made his investment. In such a case, he must wait for his just dues until a growth of the municipality, or a change in the law, will render the tax assessment more productive. There is certainly no power in this court, by mandamus or otherwise, to direct a corporation to levy a tax larger than the law authorizes. But, in the present case, the officers of the city do not have the excuse that no authority is conferred upon them by the charter to provide the means for the payment of the interest upon the bonds. The fourteenth section not only grants the power to the city council, but imposes upon them the duty to raise by tax, in each year, money for the payment of the interest upon the city debt. We are satisfied that an alternative mandamus should issue to the city council, commanding them to raise the requisite amount of money for the payment of the judgment in favor of the relators, in the manner prescribed by the city charter, or to show cause before the court, on the fourth Tuesday of March next, why they do not order the same to be levied and collected. Ordered accordingly.